# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberly Brennan, et al., | No. CV-24-01740-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| Johnny Hernandez, et al., | |
| Defendants. | |

Defendant Crete Carrier Corporation ("Defendant Crete") has filed a Motion to Consolidate Cases (Doc. 14) proposing the present case should be consolidated with the interim related case No. 2:24-cv-01741-DGC. Both matters were filed in Maricopa County Superior Court in April 2024,[1] and then later removed to the United States District Court for the District of Arizona on July 15, 2024.[2] Defendant Crete represents consolidation is warranted because both of these cases arise out of the same motor vehicle collision that occurred on April 6, 2022, in Phoenix, Arizona, and consolidation "will prevent a waste of judicial resources, court time, arbitrator time, the parties'/attorneys' time and expense, as well as the potential for inconsistent verdicts." (Doc. 14 at 2). Plaintiffs Kimberly Brennan and Carmen Ponce do not oppose the Motion. (Doc. 16).

---

[1] *See Warix v. Hernandez, et. al*, No. CV2024-007287 (Maricopa Cnty. Super. Ct. April 2, 2024) and *Brennan, et. al v. Hernandez, et. al*, No. CV2024-007763 (Maricopa Cnty. Super. Ct. April 5, 2024).

[2] *See* (Doc. 1) and *Warix v. Hernandez, et. al*, No. 2:24-cv-01741-DGC (D. Ariz. July 15, 2024), ECF No. 1.

1  Federal Rule of Civil Procedure 42(a) provides that federal courts may consolidate actions to avoid unnecessary costs and delay "[i]f actions before the court involve a common question of law or fact." To determine whether consolidation is appropriate, courts "weigh[] the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." *Southwest Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F.Supp. 805, 807 (N.D. Cal. 1989). District courts have broad discretion under this rule in deciding whether cases should be consolidated. *Investors Research Co. v. U.S. District Court for the Central District of California*, 877 F.2d 777 (9th Cir. 1989). In the District of Arizona, the motion is "heard and decided, after consulting with the Judges assigned to the other affected cases, in the case with the lowest case number that is assigned to a District Judge." LRCiv 42.1(b).[3]

Here, the Court finds that consolidation is warranted because both actions involve common questions of law and fact. Consolidation will save the parties and the Court time and money, and avoid the risk of inconsistent rulings. Thus, based on the similarity of these two matters, and the consent of the parties, the Court will grant the motion.

Accordingly,

**IT IS ORDERED** that the Motion to Consolidate the present action No. 2:24-cv-01740-DJH with No. 2:24-cv-01741-DGC (Doc. 14) is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall kindly consolidate these two matters under 2:24-cv-01740-DJH, though the caption shall be modified to include both Plaintiffs. The Defendants are the same in both cases.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[3] The Honorable Judge David G. Campbell and this Court agree that the Motion should be decided by this Court under Local Rule of Civil Procedure 42.1(b).

1 **IT IS FURTHER ORDERED** that all future filings pertaining to these cases shall be filed in Case 2:24-cv-01740-DJH only.

Dated this 15th day of August, 2024.

Honorable Diane J. Humetewa
United States District Judge